1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9  GAVIN B. DAVIS,

10                                    Plaintiff,

11       vs.

12  TIMOTHY G. O'CONNOR,

13                                    Defendant.

CASE NO. 18cv2824-LAB (LL)

**ORDER DENYING PLAINTIFF'S
MOTION FOR CERTIFICATION [Dkt. 11]**

14       On January 9, 2018, this Court ordered Plaintiff Gavin Davis to show cause why his

15  case should not be dismissed without prejudice under the *Younger* abstention doctrine.

16  Dkt. 5. The deadline for Davis to respond to that Order to Show Cause has come and gone,

17  but instead of responding, Davis filed an interlocutory appeal to the Ninth Circuit. Presently

18  before the Court is Davis' Petition to Certify an Issue for Interlocutory Appeal. Dkt. 11.

19       In the federal court system, appeals from non-final judgments are the exception, not

20  the rule. Indeed, an appeal from an interlocutory decision is a matter of right only with

21  respect to three types of district court decisions, none of which are relevant here. *See* 28

22  U.S.C. § 1292(a) (permitting interlocutory appeals from decisions relating to injunctions, the

23  appointment of receivers, and certain admiralty cases). Section 1292(b), however, provides

24  a catch-all exception that permits a district court, in its discretion, to certify an issue for

25  interlocutory appeal if the district court's "order involves a controlling question of law as to

26  which there is substantial ground for difference of opinion and that an immediate appeal

27  from the order may materially advance the ultimate termination of the litigation . . . ."

28

*Id.* § 1292(b). The Ninth Circuit has cautioned that this discretion is to be applied "sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir.1959). Certification should only be used "in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Plaintiff Gavin Davis asks this Court to certify for appeal several issues relating to his Section 1983 suit. But there are at least two procedural problems with Davis' motion that make it unnecessary to reach the merits of his request. First, a request for certification should occur *before* the party actually appeals the district court's decision. *See* 28 U.S.C. § 1292(b) (The circuit court has discretion to accept an appeal of a certified issue provided the application is made to the circuit court "within ten days *after* the entry of the [district court's] order."). Here, however, Davis took it on himself to file an interlocutory appeal before he filed a request for certification—in fact, Davis has already submitted an opening brief in his Ninth Circuit appeal. Second, there has not yet been a decision by this Court that would permit a certified interlocutory appeal even if the issues warranted appellate review (which they do not). Section 1292(b) provides that a district court may certify an issue related to an "order not otherwise appealable under this section." The interlocutory order at issue here is an order to show cause. While an order to show cause is, in the most literal sense of the word, an "order," it is not an "order" within the meaning of Section §1292(b). That statute contemplates that an interlocutory order would be a *decision* made by the district court. *See, e.g.,* 28 U.S.C. § 1292 (entitled "Interlocutory decisions"); *Van Dusen v. Swift Transportation Co. Inc.*, 830 F.3d 893, 896 (9th Cir. 2016) ("District courts may certify a *decision* for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).") (emphasis added). An order to show cause is not a decision, it is a call for additional briefing. A request for certification relating to an order to show cause is therefore procedurally improper.

More fundamentally, certification is entirely unnecessary in this situation. The proper course of action would have been for Davis to respond to the Court's Order to Show Cause as he was ordered to do. Had Davis provided the Court with legal authority supporting his

position, the Court would permit him to continue litigating his case. If he failed to show cause, the case would be dismissed under the *Younger* abstention doctrine and Davis would be entitled to appeal as a matter of right. In other words, certification here would not "materially advance the ultimate termination of the litigation" because the termination of the litigation, at least in this Court, is imminent. 28 U.S.C. § 1292(b). Accordingly, there is no basis for certifying an interlocutory issue for appeal.

Davis' Motion to Certify an Issue for Interlocutory Appeal is **DENIED**. Dkt. 11. An Order on Davis' failure to show cause is forthcoming.

**IT IS SO ORDERED**.

Dated: January 17, 2019

**HONORABLE LARRY ALAN BURNS**
United States District Judge