# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                              Plaintiff,<br><br>vs.<br><br>TIMOTHY G. O'CONNOR,<br><br>                             Defendant. | CASE NO. 18cv2824-LAB (LL)<br><br>**ORDER STAYING CASE;**<br><br>**ORDER OF REMAND** |

On January 9, 2018, this Court ordered Plaintiff Gavin Davis to show cause why his case should not be dismissed without prejudice under the *Younger* abstention doctrine. Dkt. 5. Davis has now responded to the OSC.[1] For the reasons below, the Court finds that this case should be **STAYED** under the *Younger* abstention doctrine until the termination of the state court proceedings. Additionally, to the extent the state court has construed Davis' "Notice of Removal" as a proper removal of San Diego Superior Court Case No. M242946DV to federal court, that action is **REMANDED**.

The Court's previous orders detail the procedural history of this case, so the Court does not dwell on it here. In short, Davis is a defendant in an ongoing state criminal prosecution in which Defendant Timothy O'Connor is the prosecutor. Davis brought this Section 1983 suit alleging that O'Connor brought false charges against him and then

---

[1] Davis also appealed to the Ninth Circuit. Dkt. 7. As explained previously, because Davis' appeal was taken from a non-appealable order, this Court retains jurisdiction. *See* Dkt. 10.

- 1 -

withheld exculpatory evidence. Davis subsequently filed a "Notice of Removal," in which he sought to remove the entire state criminal case to federal court. Dkt. 4. This Court issued an order instructing Davis to show cause why the civil action should not be dismissed under the *Younger* abstention doctrine and the criminal case remanded for lack of federal jurisdiction. Dkt. 5. Davis has now responded.

**I.** *Younger* **Abstention**

*Younger v. Harris*, 401 U.S. 37 (1971), and its progeny generally direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995). Absent "extraordinary circumstances", abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention, however, is not limited to requests for injunctive or declaratory relief. As the Ninth Circuit has noted, abstention is also appropriate in suits for money damages under Section 1983 where the federal action would have "a substantially disruptive effect upon ongoing state criminal prosecutions." *Mann v. Jett*, 781 F.2d 1448, 1448 (9th Cir. 1986). This is because "a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings." *Gilbertson v. Albirght*, 381 F.3d 965, 968 (9th Cir. 2004). The key question in such cases is whether the plaintiff (usually the state court defendant) can "adequately litigate" the underlying constitutional claim as part of the state court proceedings. *Id.*

The Court here finds that the three *Middlesex County* factors are present and that *Younger* abstention is appropriate. The first two factors are plainly met here: (1) the state court prosecution was commenced in April 2018, months before Plaintiff filed this suit, and (2) the case implicates an important state interest in conducting its criminal prosecutions free of interference, as Plaintiff himself admits. *See* Response to OSC, Dkt. 17, at ¶11.

The only question here is whether Plaintiff has an adequate opportunity to litigate his federal claims—that is, his allegations that the prosecutor brought false changes and willfully suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963)—as part of the state proceedings. The Supreme Court has cautioned that courts should assume, in the absence of evidence to the contrary, that state courts will protect federal constitutional rights. *See Middlesex County*, 457 U.S. at 431 ("Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights."); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Indeed, abstention is warranted "unless state law clearly bars the interposition of the constitutional claims." *Middlesex Cty.*, 457 U.S. at 432. In other words, it is not enough that Davis believes he is getting short shrift in state court. The only way he can get this claim adjudicated in federal court during the pendency of the state prosecution is if he is actually *prevented* by state law from raising his constitutional claims.

Here, Davis has not plausibly pled that he is unable to raise his federal claims in state court. He notes in his complaint that he provided the state prosecutors with letters informing them that they were violating their *Brady* obligations and were pursuing a prosecution based on false statements. *See, e.g.,* Complaint, Dkt. 1, at ¶¶12-13, 16-17, 19. But the more appropriate course of action if documents are being withheld would be to file a motion to compel disclosure of the exculpatory documents or to file a similar motion for additional discovery. *See, e.g., People v. Rose*, 172 Cal.Rptr.3d 516, 522 (Cal. Ct. App. 2014) (discussing motions to compel in the context of alleged *Brady* violations). If Davis maintains that the prosecution was brought maliciously or in spite of questionable evidence, he should file a motion to dismiss. But a federal lawsuit is not an appropriate substitute for state court motion practice absent any evidence that Davis is being precluded from properly litigating his constitutional claims.

1  Davis suggests that the prosecutor's *Brady* violations somehow render his case immune from *Younger* abstention. In his view, because *Brady* violations are not an "integral" part of the judicial system, the Court should not abstain from hearing his case. *See* Response to OSC, Dkt. 17, at ¶7(i). It's not clear where Davis derives this argument, but he appears to be conflating abstention with prosecutorial immunity. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 443 (1976) ("[L]ower courts have held that unconstitutional suppression of exculpatory evidence is beyond the scope of 'duties constituting an *integral* part of the judicial process' and have refused to extend absolute immunity to suits based on such claims.") (emphasis added). But the question of O'Connor's immunity is not presently before the court, so this argument has no bearing on whether abstention is proper.

In short, there is nothing unique about Davis' suit that would render it immune from abstention—the basis of every Section 1983 lawsuit is an allegation that the government has done something unconstitutional. The question in abstention cases is simply whether that allegation can be properly be litigated as part of an ongoing state proceeding. If it can, federal courts should abstain. Davis has not convincingly explained why his federal claims cannot be litigated in state court and, for that reason, this Court will **ABSTAIN** from hearing his case under the *Younger* doctrine.

In its prior orders, the Court suggested that if *Younger* abstention applied, the case would be dismissed without prejudice. It is true that in most situations *Younger* abstention requires dismissal. The Ninth Circuit, however, has held that where a plaintiff seeks money damages rather than injunctive relief, the Court should stay the action until the termination of the state court proceedings rather than dismiss the action without prejudice. *See Gilbertson*, 381 F.3d at 981-82. Accordingly, this action is **STAYED** pending the termination of the underlying state court proceedings. Absent a compelling reason, no discovery or motions will be permitted prior to that time, but Davis shall still ensure that Defendant is timely served with process under Federal Rule of Civil Procedure 4. O'Connor shall appear once he is served, but his obligation to respond to Davis' complaint is tolled until further

1 order of the Court. The parties shall notify the Court of the outcome of the state court action within 30 days of the termination of those proceedings.

**II. Removal and Remand**

After filing this Section 1983 suit, Davis filed a "Notice of Removal" in which he apparently seeks to remove the entirety of the state court prosecution (San Diego Superior Court Criminal Case No. M242946DV) to federal court. Dkt. 4. The Court detailed in its OSC the various problems with this attempted removal, and Davis has waived arguments to the contrary by not raising them in his response.[2] To the extent the state court has interpreted Davis' "Notice of Removal" as removing Case No. M242946DV to federal court, that action is **REMANDED** to San Diego Superior Court for further proceedings.

**IT IS SO ORDERED**.

Dated: January 23, 2019

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[2] Davis suggests that he was unable to address the removal issue in his OSC response given the ten-page limit imposed. The Court can't accept this argument. The more plausible explanation given his failure to allot even one paragraph to the issue is that Davis has no credible argument that removal was proper. The Court deems Davis' argument for removal waived.