# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                  Plaintiff,<br><br>vs.<br><br>TIMOTHY G. O'CONNOR,<br><br>                  Defendant. | CASE NO. 18cv2824-LAB (LL)<br><br>**ORDER STRIKING FIRST AMENDED COMPLAINT;**<br><br>**ORDER TO SHOW CAUSE RE: SANCTIONS** |

Throughout the short life of this case, Plaintiff Gavin Davis has repeatedly disobeyed Court orders and flouted procedural rules. His First Amended Complaint ("FAC") is simply the most recent example of this behavior. For the reasons below, the FAC is stricken and Davis is ordered to appear and show cause why sanctions should not be levied against him.

Davis, a defendant in a state court prosecution, brought this federal § 1983 suit against state prosecutor Timothy O'Connor, alleging that O'Connor prosecuted him maliciously and then withheld exculpatory evidence in violation of *Maryland v. Brady*, 373 U.S. 83 (1963). Dkt. 1. Davis also sought to remove the entire state court prosecution to federal court, despite having no good-faith basis for believing federal jurisdiction existed to do so. The Court issued an Order to Show Cause ("OSC"), instructing Davis to explain why the federal suit was not subject to *Younger* abstention and why the state court prosecution should not be remanded. Dkt. 5. Instead of responding to the order, Davis filed an improper

- 1 -

interlocutory appeal to the Ninth Circuit, which was summarily denied. Dkts. 7, 18. Davis then moved to certify the same issue for interlocutory appeal, which the Court denied as untimely and meritless. Dkt. 13. After Davis belatedly responded to the pending OSC, the Court found that the case was indeed subject to *Younger* abstention and stayed the § 1983 case pending the termination of the underlying state proceedings. Dkt. 19. The Court also remanded the state prosecution. *Id.* Not content to sit tight until the state proceedings were complete, Davis continued filing miscellaneous motions, (*see, e.g.,* Dkt. 22), until the Court ordered him to cease filing documents until the stay was lifted. Dkt. 24. Davis then filed another interlocutory appeal as to that order, which the Ninth Circuit (again) summarily denied. Dkts. 25, 31.

On February 19, 2019, Davis informed the Court that the underlying state court proceedings had terminated and requested that the stay be lifted. O'Connor did not object to this request, so the Court lifted the stay and ordered the parties to meet and confer regarding whether any of Davis' claims—specifically his claims related to *Brady* violations—were moot in light of the dismissal of the state court action. Dkt. 33. Following an unsuccessful meet and confer, Davis informed the Court that none of his claims were moot and that he intended to add more claims and more defendants to the litigation. Dkt. 35. The Court set a deadline for him to file a FAC, but specifically ordered him to "add no new claims unless he has a good-faith basis for believing that the Court has jurisdiction to hear them and that the claims will survive a motion to dismiss. Frivolous claims or claims duplicative of those already asserted in Davis' other cases are grounds for sanctions." Dkt. 36.

Consistent with his pattern of behavior throughout this case, Davis proceeded to directly violate the Court's order by filing a 57-page FAC that added not only a new defendant, Greg Uhruh[1], but added the Department of Justice as a new "involuntary" plaintiff as well. The FAC is filled with irrelevant and immaterial allegations about Unruh. Among

---

[1] Davis alleges in his FAC that Greg Unruh is his ex-wife's father who conspired with O'Connor to bring the charges against him.

other things, Davis accuses Unruh of having family members who were "pinky ring wearing alleged member[s] of organized crime." Dkt. 37 at ¶ 14. He says that Unruh "was spoiled as a child and liked to ride his pony around" and "received a 'C' in Sociology in college and has little to no respect for society and the laws that govern such." *Id.* at ¶ 23, 24. This is the legal equivalent of schoolyard bullying and adds nothing of value to the case.

Davis has filed at least 12 lawsuits in this district and has named Unruh as a defendant in 5 of them[2]—in each of those suits he espouses variations on the same theories: that Unruh is keeping him under constant surveillance, that he's a drug addict, that he's a "fugitive from summons," and that he regularly commits perjury. Indeed, Davis' decision to add Unruh as a defendant here appears to stem in large part from his inability to properly serve Unruh in Case No. 17-cv-1997, a case in which he makes the same basic allegations against Unruh and in which he has now accused Judge Bashant of receiving bribes from Unruh. In its Order permitting him to file a FAC, the Court instructed Davis not to add "claims duplicative of those already asserted in [his] other cases," and specifically listed Case No. 17-cv-1997 as one of his other pending cases. Davis' decision to add overlapping claims against Unruh in his FAC therefore directly violates the Court's Order. Dkt. 36.

More egregious than his irrelevant allegations against Unruh is Davis' decision to add the Department of Justice as an "involuntary plaintiff." According to Davis, because his complaint alleges that Unruh and the City Attorney conspired to maliciously prosecute him, the DOJ is a proper party to investigate Unruh's criminal wrongdoing. Not only is this improper—adding an involuntary plaintiff requires a court order, FRCP 19(a)(2)—it appears calculated solely to harass the defendants with the threat of criminal prosecution. It is therefore sanctionable. FRCP 11(b)(1).

In short, throughout this litigation, Davis has abused procedural rules to force this Court, the Ninth Circuit, the defendants, and now the DOJ to expend limited resources on

---

[2] *See* Case Nos. 17-cv-1997-BAS-AGS; 17-cv-654-JLS-BGS; 17-cv-701-BAS-AGS; 16-cv-897-BTM-WVG; 18-cv-2824-LAB-LL

his frivolous motion practice and appeals. This case began a straightforward question of whether O'Connor's decision to prosecute Davis violated his constitutional rights, but it has transformed into the latest episode in Davis' search for revenge against Unruh. As evidenced by his newly filed TRO—a motion that has nothing to do with the underlying allegations of this case—Davis seems to have only limited interest in pursuing his constitutional claim against O'Connor and more interest in scoring a legal win against his ex-father-in-law. The leniency shown to pro se litigants has limits, and those limits are pushed when a pro se litigant abuses the judicial process to harass his opponents and unnecessarily burden the Court. Because his complaint violates this Court's orders and the federal rules, Davis' 57-page FAC is **STRICKEN** under FRCP 12(f); alternatively, it is **DISMISSED WITHOUT PREJUDICE** under FRCP 41(b).

Davis is **ORDERED TO APPEAR** before this Court on **April 15, 2019 at 11:00 a.m.** and show cause why sanctions should not be levied against him for his actions in this case.[3] It is **ORDERED** that no party shall file additional documents in this case until the Court rules on these sanctions. The Court will reset the schedule for Davis to file a Second Amended Complaint and for Defendants to respond when (and if) appropriate. All other pending motions are **DENIED WITHOUT PREJUDICE AS MOOT**—these motions may be renewed, if appropriate, at a later date.

This is not an appealable order. *See U.S. v. Daniel*, 168 F.App'x. 146 ("The district court's dismissal without prejudice . . . is neither a full adjudication of the issues in this case nor the final act of a district court . . . . Only after that decision is final will this court properly have jurisdiction to hear [Defendant's] challenge."). Should Davis appeal this order, the Court will not be divested of jurisdiction. *See Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not

---

[3] Defendants may (but are not required to) attend the hearing.

apply."). The Court will construe any improper appeal as an attempt "cause unnecessary delay" that is itself sanctionable under FRCP 11(b)(1).

**IT IS SO ORDERED.**

Dated: March 20, 2019

_____
**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge