# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                      Plaintiff,<br><br>   v.<br><br>TIMOTHY G. O'CONNOR,<br><br>                      Defendant. | Case No. 18-cv-2824-BAS-AGS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION TO RECUSE**<br><br>**[ECF No. 58]** |

Plaintiff Gavin Davis's case was low-numbered to this Court due to its similarities to Plaintiff's prior case, 17-cv-1997-BAS-AGS. Plaintiff moved to have his case reassigned to Judge Barry T. Moskowitz. The Court denied the motion, finding Plaintiff's case was properly transferred to this Court under this Court and Judge Burns' discretion. (ECF No. 57.) Plaintiff now moves for reconsideration of the order. ("Mot.," ECF No. 58.) In the alternative, Plaintiff requests Judge Bashant recuse herself from this case. (*Id.*)

**I.    MOTION FOR RECONSIDERATION**

First, Plaintiff moves for reconsideration of the Court's prior order. District courts have the authority to entertain motions for reconsideration of interlocutory orders at any time before the entry of final judgment. *See* Fed. R. Civ. P. 59(e); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *Balla v. Idaho State Bd. of*

– 1 –

*Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). To determine the merits of a request to reconsider an interlocutory order, courts apply the standard required under a Rule 59(e) reconsideration motion. *See Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003). Reconsideration is appropriate under Federal Rule of Civil Procedure 59(e) if: (1) the district court "is presented with newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Here, Plaintiff argues the Court abused its discretion in low-numbering his case and then denying his motion to reassign the case. The Court disagrees. District court judges have "'broad discretion" regarding the assignment or reassignment of cases." *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991) (citing *United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989)). The Court (and Judge Burns) properly determined Plaintiff's case should be assigned to this Court pursuant to the low-number rule of this district's local rules. Plaintiff believes his case should have been transferred to Judge Moskowitz because of an earlier case Plaintiff filed. The Court finds the present case would not be properly low-numbered to Judge Moskowitz. *See* Civ. L. R. 40.1(e). Further, Plaintiff argues he is prejudiced by the "consolidation" of the present case and his prior case, 17-cv-1997. (Mot. 12.) The two cases have not been consolidated. For the foregoing reasons, the Court finds no clear error or abuse of discretion in its prior order and **DENIES** Plaintiff's Motion on this ground.

II. **MOTION FOR RECUSAL**

Plaintiff next moves for Judge Bashant to recuse herself from this case. Under the federal recusal statutes, "[a]ny . . . judge . . . shall disqualify [her]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U. S. C. § 455(a). The judge shall also disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts

concerning the proceeding." 28 U.S. C. §455(b)(1). In addition, where a party files "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party," then the judge shall assign the case to another judge to hear such proceeding. 28 U.S.C. § 144.

Under both federal statutes, the substantive standard is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations omitted). A "reasonable person" is defined as a "well-informed, thoughtful observer," as opposed to a "hypersensitive or unduly suspicious person." *Clemens v. United States Dist. Ct. for the Cent. Dist. Of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quotations and citation omitted). "Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not enough to require recusal." *Id.* (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1993)).

Ordinarily, the party must allege "facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). This "generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during the course of the trial." *United States v. Holland*, 519 F.3d 909, 914–15 (9th Cir. 2008). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). In addition, [i]t has long been established … that a party cannot force a judge to recuse him [or her]self by engaging in personal attacks on the judge." *Standing Comm. On Discipline of the United States Dist. Court For Cent. Dist. Of Cal. v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995). "[I]n the absence of a legitimate reason to recuse [her]self, a judge should participate in cases assigned." *Holland*, 519 F.3d at 912 (quotations and citations omitted).

Here, Plaintiff alleges Judge Bashant is biased against him and towards Defendant Unruh. Plaintiff claims Judge Bashant has "intimate knowledge" of the "facts on Defendant Unruh, his accomplices, his crimes, [and] his plea bargains." (Mot. 5, 15.) This is inaccurate. Judge Bashant has no such knowledge and harbors no bias for or against any party to this action.[1] Plaintiff appears to be unhappy with orders made in his prior case, 17-cv-1997. (*Id.* at 12.) But judicial rulings are not a basis for recusal. *See Liteky*, 510 U.S. at 555 (holding "opinions formed by the judge on the basis of facts introduced or events occurring" in current or past proceedings "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). The Court's rulings in Plaintiff's cases are not contrary to law, let alone the product of deep-seated favoritism.

Plaintiff attaches an affidavit to his Motion and claims it is sufficient to justify disqualification pursuant to 28 U.S.C. § 144. In the affidavit, Plaintiff declares under penalty of perjury that "the Facts and Factual Allegations" in his Motion "regarding the bias, prejudice, favoritism, etc. of Judge Cynthia Bashant . . . are true and brought in good faith." (Mot. at Affidavit.)[2] But Plaintiff's allegations are pure speculation and do not "fairly support the contention that [this Court] exhibits bias or prejudice directed toward [Plaintiff] that stems from an extrajudicial source." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). Plaintiff's Motion and accompanying affidavit are legally insufficient and are another baseless attempt by Plaintiff to get his case reassigned to another judge.

Upon examination of Plaintiff's arguments, and in considering the facts of this

---

[1] Further, Plaintiff's claim that he plans to call Judge Bashant as a witness in his case is bizarre and has no basis. (Mot. 15.) Contrary to Plaintiff's assertions, Judge Bashant has no "intimate knowledge of several material elements of the controversy stemming from her time in the mid-90s with the Department of Justice as Chief Deputy of Narcotics." (*Id.*)

[2] The Affidavit is attached to the end of Plaintiff's Motion and is page 23 per the CM/ECF pincite page numbers located at the top of the page.

case, the Court concludes that there is no reason why a reasonable person with knowledge of all the facts would question the Court's impartiality in this case. The Court finds no basis for recusal and **DENIES** Plaintiff's Motion on this ground.

Finally, the Court cautions Plaintiff that all information presented in an affidavit signed under penalty of perjury must be accurate. Falsely signing under penalty of perjury can carry significant consequences and Plaintiff is not to make such declarations unless he has a factual basis to support the accusations.

**III. CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion. (ECF No. 58.)

**IT IS SO ORDERED.**

**DATED: May 28, 2019**

Hon. Cynthia Bashant
United States District Judge