# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>                      Plaintiff,<br><br>    v.<br><br>TIMOTHY G. O'CONNOR, *et al.*<br><br>                    Defendants. | Case No. 18-cv-2824-BAS-AGS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 63]** |

## I. INTRODUCTION

A brief history of a few of Plaintiff Gavin Davis's earlier lawsuits is useful. In 2016, Mr. Davis filed a lawsuit against his ex-wife, the San Diego Superior Court, two judges, three attorneys, a local law firm, the San Diego Police Department, the San Diego District Attorney, the San Diego County Public Defender and a Deputy Public Defender, alleging that they committed acts of perjury, colluded and conspired against him and had defrauded him in various family and criminal law proceedings. (16-cv-897-BTM.) The court dismissed that action under the *Younger* abstention doctrine. (ECF No. 55.)

In 2017, Mr. Davis filed three federal lawsuits. The first he filed against the San Diego District Attorney, the San Diego Public Defender, Deputy District Attorney Trinh and his ex-father-in-law Gregory Unruh, alleging that they were

vindictively and maliciously prosecuting him in a state criminal case. (17-cv-654-JLS.) The court dismissed the case explaining in part that Deputy District Attorney Trinh had absolute immunity for his actions in initiating the criminal prosecution against Mr. Davis. (ECF No. 95.)

In the next case, Mr. Davis filed a lawsuit against the FBI and his ex-father-in-law Unruh claiming Mr. Unruh had cyberstalked him and that the FBI had done nothing to investigate this cyberstalking. (17-cv-701-BAS.) The Court dismissed the case against the FBI, finding the failure to investigate was a discretionary function entitling the FBI to sovereign immunity. (ECF No. 21.) The Court gave Mr. Davis leave to amend the petition with respect to Defendant Unruh, but Mr. Davis declined to do so.

Finally, in 2017, Mr. Davis filed a lawsuit against the FBI and Mr. Unruh alleging they had committed a *Brady* violation in his state criminal prosecution. (17-cv-1997-BAS.) Mr. Davis moved to join Deputy City Attorney Timothy O'Connor and the City Attorney's Office, alleging they had conspired with the FBI and Unruh to violate his rights in the criminal prosecution. The Court gave Mr. Davis permission to file an amended complaint (ECF No. 36), but instead Mr. Davis opted to voluntarily dismiss the case.

It is against that backdrop that Mr. Davis now files a duplicate complaint against Mr. Unruh and Deputy City Attorney O'Connor alleging: (1) that Mr. O'Connor committed a *Brady* violation during a criminal prosecution of Mr. Davis; (2) abuse of process; (3) malicious prosecution; (4) intentional infliction of emotional distress; and (5) conspiracy. (ECF No. 54.)

Mr. Unruh has yet to be served, but Mr. O'Connor moves to dismiss the complaint as to him. For reasons that should be familiar to Mr. Davis, the Court **GRANTS** the Motion to Dismiss. (ECF No. 63.)

**II.  LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original). A court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the…laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### III. ANALYSIS

Prosecutors, like Defendant O'Connor, are entitled to absolute prosecutorial immunity for acts taken in their official capacity. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Van de Kamp v. Goldstein,* 555 U.S. 335, 341 (2009). "[A]bsolute immunity may not apply when a prosecutor is not acting as 'an officer of the court,' but is instead engaged in other tasks, say investigative or administrative tasks." *Van de Kamp*, 555 U.S. at 342 (quoting *Imbler*, 424 U.S. at 431 n.33.) The burden of showing absolute immunity falls on the official seeking to assert it, and the Supreme Court has emphasized that courts are "quite sparing" in recognizing absolute immunity. *Burns v. Reed*, 500 U.S. 478, 486–97 (1991) (quoting *Forrester v. White*,

484 U.S. 219, 224 (1988)).

Courts take a functional approach to determining whether immunity applies. Thus, in *Imbler*, the Supreme Court held that prosecutors were absolutely immune from damages in civil suits under 42 U.S.C. § 1983 for initiating criminal prosecutions and presenting cases. 424 U.S. 409 (1976). Similarly, in *Van de Kamp*, the Supreme Court held prosecutors were entitled to absolute immunity from allegations that they failed to turn over impeachment material during the prosecution. 555 U.S. 335 (2009). Conversely, absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when a prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant. *Van de Kamp*, 555 U.S. at 343 (citations omitted).

Mr. Davis alleges that Defendant O'Connor brought state criminal claims against him that were baseless and without merit and violated a prosecutor's obligations under *Brady v. Maryland* during the prosecution. (ECF No. 54.) These claims all fall within the traditional scope of absolute immunity. Similarly, the claims that Defendant O'Connor intentionally inflicted emotional distress or conspired with Defendant Unruh to commit the same violations are barred by the doctrine of absolute immunity.

Accordingly, the court **GRANTS** the Motion to Dismiss and **DISMISSES WITH PREJUDICE** all claims against Defendant O'Connor.

**IT IS SO ORDERED.**

**DATED: June 19, 2019**

Hon. Cynthia Bashant
United States District Judge